UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA<br>One West Nationwide Blvd.<br>Columbus, OH 43215<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD<br>129 Samseong-ro,<br>Yeongtong-gu Suwon, Gyeonggi, 16677<br>Republic of Korea.<br><br>and<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br>85 Challenger Road<br>Ridgefield Park, NJ 07660<br><br>Defendants. | Civil Action No._____ |

## COMPLAINT

Plaintiff Nationwide Insurance Company of America, as and for its claim for relief against the Defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., states and alleges:

1.     Plaintiff Nationwide Insurance Company of America ("Nationwide") is an insurance company organized and existing under and by virtue of the laws of the state of Ohio, with its principal place of business at One West Nationwide Blvd., Columbus, OH 43215.

2.     Defendant Samsung Electronics Co., Ltd.("SEC") is a corporation organized and existing under and by virtue of the laws of the Republic of Korea with its principal place of business at 129 Samseong-ro, Yeongtong-gu Suwon, Gyeonggi, 16677 Republic of Korea.

3. Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under and by virtue of the laws of the state of Delaware, with its principal place of business at 65 Challenger Road, Ridgefield Park, NJ 07660.

4. This Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S. Code 1332(a)(1) and (2), in that the plaintiff and SEA are citizens of different states, and SEC is a citizen of a foreign state, and the amount in controversy herein, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Prior to March 15, 2024, Nationwide issued its insurance policy number 5837HR247977 (the "Subject Policy") which insured certain real and personal property owned by Charles and Jocelyn Arroyave (the "Arroyaves") located at 1428 Cathy's Lane, North Wales, PA (the "Subject Premises").

6. On or about March 15, 2024, a fire occurred at the Subject Premises (the "Subject Fire").

7. The Subject Fire caused extensive damage to and destruction of the Subject Premises and its contents and caused the Arroyaves to incur alternative living expenses and other damages, costs and expenses.

8. The Subject Fire was caused by the inadvertent activation of one of the range-top heating elements on a Samsung Model NE58R9311SS electric range (the "Subject Model Range"), bearing Serial No. 0GJ57DCN300192X ( the "Subject Range") due to the defective and unreasonably dangerous design of the controls for the range-top heating elements.

9. Specifically, the front-mounted control knobs for the range-top heating elements on the Subject Range were prone to inadvertent activation by accidental contact by humans or pets under foreseeable circumstances, and an occupant of the Subject Premises unknowingly and inadvertently made incidental contact with one of the range-top heating elements, activating the element which, in turn, ignited nearby combustible material.

10. The Subject Fire occurred sometime after the Subject Range had last been used, and after the controls for the range-top heating elements had been turned "off".

11. The Subject Range was manufactured in 2020 by SEC, and was thereafter distributed, marketed and sold by SEA, a wholly-owned affiliate of SEC which SEC relied upon to target the market for electric ranges and other appliances and products manufactured by SEC in every state of the United States, including the Commonwealth of Pennsylvania.

12. The Subject Range was ultimately purchased in the Commonwealth of Pennsylvania by the Arroyaves.

13. Commencing no earlier than 2013, SEC and SEA (which shall hereafter be referred to collectively as "Samsung") had been notified of essentially identical incidents of inadvertent activation of range-top heating elements on Samsung ranges which had controls that were identical to, or substantially similar to, the range-top heating element controls on the Subject Range.

14. As of the date of manufacture of the Subject Range, and prior to Samsung's distribution and sale of the Subject Range, and prior to March 15, 2024, Samsung had been notified of hundreds of essentially identical incidents of inadvertent activation of range-top

heating elements on Samsung ranges which had controls that were identical to, or substantially similar to, the range-top heating element controls on the Subject Range

15. Prior to March 15, 2024, Samsung was informed or otherwise made aware that the inadvertent activation of range-top heating elements on Samsung ranges which had controls that were identical to, or substantially similar to, the range-top heating element controls on the Subject Range had caused hundreds of fires, dozens of burn injuries, and deaths of household pets.

16. Despite Samsung's prior awareness of the many hazardous incidents of inadvertent range-top heating element activation as described in paragraphs 13 through 15, above, Samsung took no action to address the issue until approximately four months after Samsung was notified of the Subject Fire, when it issued a recall of the Subject Model Ranges and other ranges having range-top heating element controls that were identical or substantially similar to the controls on the Subject Range, and offered corrective measures to alleviate the hazards posed by the defective controls.

17. The corrective measures which Samsung offered in connection with the recall of the Subject Model Ranges referenced in paragraph 16, above were feasible when Samsung manufactured, marketed, distributed and sold the Subject Range.

18. In fact, in United States Patent Application Number 16/586,758, which SEC filed with the United States Patent and Trademark Office on September 27, 2019, before SEC manufactured the Subject Range, and before SEA distributed, marketed and sold the Subject Range, SEC stated that, in order to avert the "fire/burn" hazard from unintentional activation of the range-top heating element controls, "the cooking appliance needs to include a knob stopper

4

for preventing an unintended operation of the knob assembly or a knob cap for opening and closing the knob assembly".

19. However, notwithstanding SEC's September 27, 2019 statement in United States Patent Application Number 16/586,758 about the need for "a knob stopper for preventing an unintended operation of the knob assembly or a knob cap for opening and closing the knob assembly" to address the "fire/burn" hazard from unintentional activation of the range-top heating element controls, the Subject Range which SEC manufactured in 2020 and which SEA thereafter distributed, marketed and sold was not equipped with knob caps or knob stoppers, although Samsung did offer these items when it finally recalled the Subject Model Ranges and other ranges having range-top heating element controls that were identical or substantially similar to the controls on the Subject Range approximately four months after Samsung was notified of the Subject Fire.

20. The Arroyaves duly made claim under the Subject Policy for the damages which resulted from the Subject Fire and Nationwide has, to date, duly made payment to the Arroyaves, or for their benefit, for such damages in the total amount of $443,336.11 and anticipates that it may be called upon to make additional payments.

21. Under and pursuant to the terms of the Subject Policy, and otherwise by operation of law, and to the extent of the payments Nationwide has made or will in the future be called upon to make under the Subject Policy, Nationwide is duly subrogated to the Arroyaves' rights against Samsung.

## **COUNT ONE**

22. Nationwide restates and realleges paragraphs 1 through 21, above.

23. The Subject Fire and the resulting damages as described in paragraph 7, above, were caused by the negligent acts and omissions of Samsung and their agents and employees, including but not limited to negligence in:

(a) Failing to design and manufacture the Subject Model Range in a fashion that would avoid the foreseeable hazard of inadvertent activation of the range-top heating elements;

(b) Failing to design and manufacture the Subject Model Range in conformance with governing and generally accepted safety standards applicable to the range-top heating element controls and to safe product design generally, including but not limited to requirements that the controls be effectively guarded against inadvertent activation and that the controls themselves require two discrete actions, at specified levels of force, in order to activate the heating elements, which standards would have precluded equipping the Subject Range with range-top heating element controls that were prone to inadvertent activation under foreseeable circumstances;

(c) Failing to equip the Subject Range with knob caps or knob stoppers, or both;

(d) Otherwise failing to design and manufacture the Subject Range so that the range-top heating element controls were not prone to inadvertent activation under foreseeable circumstances;

(e) Continuing to sell the Subject Model Range and other ranges having front-mounted controls for the range-top heating elements that were identical or substantially similar to the controls on the Subject Model Range after Samsung was made aware of the hazard of inadvertent range-top heating element activation;

(f) Failing to provide adequate warning that the range-top heating elements on the Subject Model Range posed a latent fire and burn hazard because they were prone to inadvertent activation under foreseeable circumstances;

(g) Failing to provide timely and adequate post-sale warning that the range-top heating elements on the Subject Model Range posed a latent fire and burn hazard because they were prone to inadvertent activation under foreseeable circumstances;

(h) Failing to timely recall the Subject Model Range; and

(i) Otherwise failing to exercise reasonable care under the circumstances.

LEGAL\113217945\1

## COUNT TWO

24. Nationwide restates and realleges paragraphs 1 through 23, above.

25. The Subject Range as manufactured, marketed, distributed and sold by Samsung was in a defective condition unreasonably dangerous to users, consumers, and others whose property were subject to foreseeable harm because the front-mounted control knobs for the range-top heating elements on the Subject Range were prone to inadvertent activation by accidental contact under foreseeable circumstances, and because Samsung failed to provide adequate warning that the range-top heating elements on the Subject Range posed a latent fire and burn hazard because they were prone to such inadvertent activation under foreseeable circumstances.

26. As stated in paragraphs 8 and 9, above, the Subject Fire occurred because the front-mounted control knobs for the range-top heating elements on the Subject Range were prone to inadvertent activation under foreseeable circumstances, and because Samsung failed to provide adequate warning that the range-top heating elements on the Subject Range posed a latent fire and burn hazard because they were prone to such inadvertent activation under foreseeable circumstances.

27. Pursuant to the Restatement (Second) of Torts § 402A, as applied by the Courts of Pennsylvania, Samsung is strictly liable to Nationwide for the payments Nationwide has made and may, in the future, be called upon to make to the Arroyaves for the damages which resulted from the Subject Fire.

WHEREFORE, Plaintiff Nationwide Insurance Company of America demands judgment against Defendant Samsung Electronics America, Inc. for such damages as will be proved at

trial, together with damages for delay and such other pre-judgment and post-judgment interest as is provided by law, and cost of this action.

Dated: March 5, 2026

                                                   Respectfully submitted,

                                                   COZEN O'CONNOR

                                                   */s/ Daniel Q. Harrington*

By:    Daniel Q. Harrington (PA 41139)
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        215-665-2126
        877-259-7985 (fax)
        dharrington@cozen.com
        *Counsel for Plaintiff Nationwide Insurance Company of America*